IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| BRENNAN LANDY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>POWER HOME TECHNOLOGIES, LLC, a North Carolina limited liability company,<br><br>*Defendant.* | Case No. 5:21-cv-00341-FL |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR LEAVE TO CONDUCT DISCOVERY PRIOR TO ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 23 and 55, Plaintiff Brennan Landy requests that the Court (1) certify the Class identified in Plaintiff's Complaint and (2) grant Plaintiff leave to conduct discovery to identify Class members and determine the amount of damages they are entitled to prior to the entry of final judgment in this case.

## I.     INTRODUCTION

This case challenges Defendant's widespread violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or Act"), specifically Defendant's practice of blasting (either directly or via its downline agents) pre-recorded telemarketing calls without prior express consent. Plaintiff filed his Class Action Complaint on August 23, 2021, but, to date, Defendant has failed to appear or otherwise respond. As such, Plaintiff now moves for class certification based upon the well-pleaded allegations and the facts of record.

Plaintiff's claims satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact are present,

Plaintiff's claims are typical of those of the class members, and Plaintiff and its counsel are adequate representatives. Finally, the common issues predominate over individual issues and a class action is the superior method for resolving the claims at issue, as it would be impracticable and inefficient to require each class member to litigate his/her/its claims separately when they can be resolved on a class wide basis.

> Consequently, the Court should certify the following Class:
>
> All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received a telemarketing call made by Power Home Technologies or any of Power Home's sub-dealers, vendors, lead generators, or agents either promoting Power Home's goods or services or that could have resulted in the installation of a home security system by Power Home, (2) on the person's telephone, (3) using an artificial or pre-recorded voice, and (4) for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call the Plaintiff.

(Compl. ¶ 26.) As explained below, the Class meets the requirements of Rule 23(a) and of Rule 23(b)(2) and (b)(3) and should be certified. Additionally, as the Court in *Jackson v. Paycron, Inc.* did, the Court should permit discovery in addition to certifying the Class. (*See Paycron Decisions*, attached hereto as Exhibit A.)

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant is a limited liability company headquartered in North Carolina. (Compl. ¶ 2.) To market its products and services, Defendant (directly or via downline agents and lead generators) blasted pre-recorded telemarketing calls to consumers nationwide. (*Id.* ¶¶ 6-7.)

In Plaintiff's case, he received at least one pre-recorded call from Defendant that advertised Defendant's products and services. (Compl. Ex. A.) Plaintiff never consented to receive any calls from Defendant, nor does Plaintiff have any prior business relationship or dealings with Defendant.

Plaintiff filed its Class Action Complaint on August 23, 2021. (Dkt. 1.) On September 21, 2021, Plaintiff obtained service on Defendant, via its agent for service of process (dkt. 10), placing the Defendant's deadline to answer or otherwise plead at October 12, 2021. To date, Defendant has failed to appear, respond, or contact Plaintiff's counsel.

Based on the well-pleaded allegations and facts of record, the Court should certify the Class.

### III.  ARGUMENT

"As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages." *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, *2 (S.D. Cal. Jan. 26, 2015). "As such, 'relief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Id.* (citation omitted). Following the entry of default, "the well-pleaded allegations in the complaint are deemed admitted." *Shaw v. Vircurex*, No. 18-CV-00067-PAB-SKC, 2019 WL 2636271, at *2 (D. Colo. Feb. 21, 2019). This includes class related factual allegations. *See Jackson v. Paycron Inc.*, No. 819CV00609WFJAAS, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (citation omitted) ("'[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating to the prerequisites for class certification under Federal Rule 23.").

To be sure, courts routinely certify classes despite a defendant's failure to appear. *See, e.g., In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (certifying a class action against General Electric Company and DeBeers following DeBeers' default); *Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D.

3

Cal. Oct. 27, 2014) (certifying a class action despite the defendant's refusal to appear). Indeed, "any other conclusion might give defendants an incentive to default in situations where class certification seems likely." *Saade v. Insel Air*, No. 17-22003-CIV, 2019 WL 2255580 (S.D. Fla. Apr. 4, 2019) (emphasis added).

As explained below, class certification should be granted because the alleged Class meets all of the standards for certification here.

### A.     The alleged Class meets each of the requirements of Rule 23(a).

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

Here, Plaintiff seeks certification under both Rule 23(b)(2) and 23(b)(3). Rule 23(b)(2) requires a plaintiff to show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). That inquiry is separate from that used to decide certification under Rule 23(b)(3), which mandates that the common questions predominate over any questions affecting only individual members and that the class mechanism be superior to other available methods for fairly adjudicating the

4

controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and should therefore be certified.

**1.      Numerosity is met here.**

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A proponent of certification need not identify the exact number of class members to satisfy numerosity; rather, the moving party must "produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978); *see* Newberg on Class Actions § 3:5, 243-46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.") In conducting the analysis, precision isn't required, nor is hard data. *See, e.g., Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002) (court may use common sense when determining whether joinder is impractical.) Applied here, as the allegations of the Complaint are admitted, Defendant must concede that it placed the same or substantially similar pre-recorded telephone calls to thousands of class members. Consequently, the proposed class satisfies the numerosity requirement.

**2.      The Class shares common questions of law and fact.**

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The claims don't need to be identical. Rather, "[e]ven a single question of law

5

or fact common to the members of the class will satisfy the commonality requirement." *Id.* at 2557 (citation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendant's conduct violated the TCPA; (2) Defendant and/or its agents made the calls with the use of avatar technology and/or an artificial or pre-recorded voice; (3) Defendant placed the calls without prior express written consent of the called party; (4) the calls were made for telemarketing purposes; and (8) the Class is entitled to trebled damages. (*See* Compl. ¶ 31.) The litigation will answer for everyone whether the calls were unlawful. In short, the case will produce common questions of law and fact for all class members.

### 3. Plaintiff's claims are typical.

Plaintiff's claims are also typical. *See* Fed. R. Civ. P. 23(a)(3). "Typicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected." *Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-CV-02757-WYD-KMT, 2012 WL 1378531, at *11-12 (D. Colo. Apr. 20, 2012), *aff'd*, 765 F.3d 1205 (10th Cir. 2014). Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." 5 NEWBERG ON CLASS ACTIONS, § 24.25 (3d ed. 1992); *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 340 (10th Cir. 1975) ("courts have consistently ruled that even though it appears that the named plaintiffs have not suffered discrimination, this fact does not prevent them from representing the class") (citations omitted)). "So long as there is a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class, the typicality requirement is satisfied." *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993) (citation

6

omitted).

Here, Defendant subjected Plaintiff and the Class to a nearly identical course of conduct. Defendant (either directly or via its agents and lead generators) placed pre-recorded telemarketing calls *en masse* to Plaintiff and the Class without consent in violation of the TCPA. Thus, Defendant violated the TCPA with respect to everyone. As such, the Court should find that the requirement of typicality is satisfied.

### 4. Plaintiff and counsel are adequate representatives.

Rule 23(a) also requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc.*, 117 S.Ct. at 2250. "The adequacy inquiry in the Tenth Circuit focuses on two questions: (i) whether the named plaintiffs and their counsel have any conflicts with other class members; and (ii) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class." *Belote v. Rivet Software, Inc.*, No. 12-CV-02792-WYD-MJW, 2013 WL 2317243, at *3 (D. Colo. May 28, 2013). Both requirements are met here.

Neither Plaintiff nor its counsel has any conflict with the class members. Further, to date, Plaintiff and proposed class counsel have spent significant time and resources in the investigation and prosecution of this action. Proposed class counsel also have experience litigating class actions, including class actions under the TCPA, and they have the resources necessary to conduct litigation of this nature. As such, Plaintiff and its counsel will continue to adequately represent the Class.

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso of Woodrow & Peluso, LLC as Class Counsel, and Plaintiff Landy as the Class Representative.

### B. The Proposed Class Meets the Requirements of Rule 23(b)(2).

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted.'" *Dukes*, 131 S. Ct. 2541 at 2557. In a Rule 23(b)(2) action, "plaintiff[] must establish 'cohesiveness among class members with respect to their injuries.'" *Kurlander v. Kroenke Arena Co., LLC*, 276 F. Supp. 3d 1077, 1084 (D. Colo. 2017).

In this case, Defendant subjected Plaintiff and the Class to a uniform course of conduct and Defendant's default means they admit they've acted and refused to act in the same or similar manner with respect to Plaintiff and all class members. Therefore, an injunction against placing pre-recorded telemarketing calls without consent will apply to and benefit the entire class uniformly. Certification under Rule 23(b)(2) is therefore appropriate.

### C. The Proposed Class meets the requirements of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

#### 1. Common questions of law and fact predominate.

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in

8

the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Here, Plaintiff and the Class were subjected to an identical course of conduct and the common questions identified above predominate over any potential issues affecting individual members of the proposed Class. As such, the claims are subject to common proof, and no individualized issues exist to defeat predominance under Rule 23(b)(3).

### 2. A class action is superior to any other method of adjudication.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). Factors pertinent to this inquiry include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and; (D) the likely difficulties in managing a class action.

*Id.* "The Tenth Circuit has noted that 'class treatment is superior [when] it will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Morris v. Davita Healthcare Partners, Inc.*, 308 F.R.D. 360 (D. Colo. 2015) (quoting *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1096 (10th Cir. 2014)).

TCPA cases are well-suited for class treatment. Plaintiff seeks statutory damages in the amount of $500 per violation—a small amount that renders individual suits prohibitively expensive. Further, maintaining a class action in this case would be manageable and superior to any other method of adjudication. And individualized trials would also put a strain on courts

9

and waste judicial time and resources. (*Id.*)

Therefore, the Court should find that a class would be superior here.

**C.     The Court Should Additionally Grant Leave to Conduct Discovery**

Under Rule 55(d)(2), "The Court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Here, discovery is needed to identify recipients of Defendant's violative calls and to determine the total number of calls each Class member received so that damages can be calculated. Accordingly, in addition to requesting that the Court certified the Class, Plaintiff requests leave to conduct discovery to identify members of the Class and to determine the proper amount of statutory damages.

**IV.     CONCLUSION**

Plaintiff respectfully requests that the Court certify the Class, appoint Patrick H. Peluso of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Landy as Class Representative, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

Dated: March 17, 2022                              **BRENNAN LANDY**, individually and on behalf
                                                  of all others similarly situated,


                                                  /s/ Patrick H. Peluso
                                                  One of Plaintiff's Attorneys

                                                  L. Phillip Hornthal, III
                                                  N.C. State Bar No. 19984
                                                  301 East Main Street
                                                  Elizabeth City, NC 27909
                                                  Tel: 252-698-0214
                                                  Fax: 252-335-4223
                                                  Plaintiff's Rule 83.1 Counsel

10

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
999 E Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809